UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mike Buetow, Gary Steven Richardson, Jr., Joe Rohrbach, Dennis Pickering, Jonathan Lange, Ron Levin, and Julian Beld individually on behalf of themselves and all other individuals and entities similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Robinson Outdoors, Inc. and Robinson Outdoor Products, LLC,<br><br>Defendants. | Case No. 10-cv-2584 (RHK/JJK) |

**STIPULATED ORDER FOR SETTLEMENT**

Plaintiffs commenced this action on behalf of themselves and all similarly situated persons against Robinson Outdoors, Inc. and Robinson Outdoor Products, LLC ("Robinson") for alleged damages suffered from the marketing of carbon-lined hunting clothing. Plaintiffs sought permanent injunctive relief, damages and attorneys' fees for alleged violations of various state consumer protection statutes and other laws. The Plaintiffs for themselves and the Defendants for themselves hereby stipulate to this Final Order for Settlement.

The findings stipulated herein are for settlement purposes only. They are not admissible for purposes of determining the liability of other Defendants.

# FINDINGS

1. This Court has jurisdiction over the subject matter of this action and has jurisdiction over relief against Robinson. Venue in this district is proper.

2. Plaintiffs and Robinson stipulate and agree to this Order to settle and resolve all matters in dispute arising from the Complaint to the date of entry of the Order. Robinson does not admit any of the allegations of the Complaint, other than the jurisdictional facts. Plaintiffs and Robinson stipulate and agree that this Order constitutes a settlement pursuant to Rule 408.

3. Robinson waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

4. Robinson has used the phrase "odor elimination" in connection with hunting clothing apparel and other products.

5. Robinson maintains and the parties stipulate that none of Robinson's advertising of its "odor eliminating technology" products for at least the past three years has used the term "100%," "all," "completely" or "totally" in referring to efficacy.

6. Robinson also maintains and the parties stipulate that its advertising of its "odor eliminating technology" products for at least the past three years has used words that further qualify this language indicating that carbon-embedded clothing cannot totally eliminate odor. Robinson maintains and the parties stipulate that Robinson's advertising in the past three years, taken in context, implies only odor reduction.

7. Robinson maintains and the parties stipulate that Robinson's advertising over the last three years advocated a multiple phase process using all Robinson's

products in combination so that the hunter has the best possible opportunity to eliminate odor.

8. Robinson's current advertising graphics depict how its "odor eliminating technology" products work (*i.e.*, that odor goes into the carbon), and Robinson maintains and the parties stipulate that the graphic is not a depiction of the specific percentage of odor adsorption.

9. The parties stipulate that carbon can adsorb human odor. The parties stipulate that the amount of carbon in the product and the process used to embed the carbon to the product impacts the carbon's effectiveness. The parties further stipulate that Robinson's carbon-embedded clothing contains substantially more carbon and uses a different application process than other carbon-embedded hunting clothing products currently on the market. Robinson has produced evidence of expert testing that establishes that its garments containing activated carbon are effective at blocking the transmission of odor through the garments and the amount of carbon used and the process by which the carbon is embedded in the liner of the hunting clothing makes the odor-blocking ability of the Robinson products more effective at reducing human odor than other hunting garments containing carbon as well as non-carbon hunting garments.

10. Robinson has provided evidence of expert testing that establishes that, after washing and drying, its carbon fabrics continue to be effective at reducing odor permeation.

11. Robinson has provided expert testing that shows that after washing and drying its carbon fabrics are "reactivated" and such clothing is restored to some extent for continued beneficial use.

12. Robinson denies all the allegations and claims made by the Plaintiffs in this and the related actions.

13. The parties have agreed to settle all claims that have been brought or could have been brought against the other parties and forever release and discharge each other from all possible claims except for performance of the settlement obligations.

14. The Court adopts these facts for purposes of this Order.

Dated: July 21, 2010

**For the Plaintiffs:**

Merchant & Gould, PC

By: s/Ernest W. Grumbles III

Heins Mills & Olson, P.L.C.

By: s/Renae Steiner

Dated: July 21, 2010

**For Robinson Outdoors, Inc., Robinson Outdoor Products, LLC and Scott Shultz:**

Mahoney Anderson, LLC

By: s/Michael Mahoney

**ORDER**

**ADVERTISING AND MARKETING RELIEF**

I. **IT IS FURTHER ORDERED**

Robinson is hereby permitted to continue to use its phrase "odor eliminating technology" but only in conjunction with other words or phrases that expressly make clear that the clothing in question can only reduce the release of human odor. Robinson may not use the phrases "elimination" or "odor eliminating" or "scent eliminating" alone or in conjunction with words or graphics that say or depict "scent-free," "odor free," "100%," "all" or "every trace" or "every bit" of odor as removed by the clothing.

Robinson is hereby permitted to continue to use the word "regenerate" or "reactivate" as a description of the process of removal of some trapped odor from the clothing, as long as they do not include additional words or graphics that say or depict regeneration or reactivation as a process that will restore the clothing to pristine or like new condition.

**RELEASE**

II. **IT IS FURTHER ORDERED**

Any and all claims (except for performance of the settlement obligations) that the Plaintiffs have against the Defendants and any of their officers, directors, shareholders, members, employees, agents, affiliates and attorneys, of whatever nature, whether known or unknown, from the beginning of time, are hereby dismissed, discharged and satisfied in full.

## RETENTION OF JURISDICTION

**III.    IT IS FURTHER ORDERED**, that this Court shall retain jurisdiction over this matter for purposes of construction, modification and enforcement.

## ENTRY OF FINAL JUDGMENT

**IV.    IT IS FURTHER ORDERED**, that pursuant to Federal Rule 54(b), that there is no just reason for delay and the Clerk of Court shall immediately enter this Order as a final judgment as to relief against Robinson.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 23, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge
